# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIAM R. TYLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CAUSE NO. 2:14-CV-225 |
| | ) |
| PORTER COUNTY SUPERIOR COURT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the complaint filed by William R. Tyler, a *pro se* prisoner, on June 26, 2014. Tyler alleges that the Porter County Superior Court denied him the effective assistance of counsel during his State criminal proceedings. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the Court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Tyler is asking for either $116,800,000 or to have the criminal charges against him vacated, to be released and to receive $11,680,000. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Moreover, the Porter

Superior Court is not a suable entity. *Cf. Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (Indiana Code 36-1-2-10 lists suable entities and State trial courts are not listed.)

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no amendment could cure the fact that Tyler cannot obtain any relief in a lawsuit against the Porter County Superior Court. Nor can he obtain any relief if he were to attempt to substitute the State court judge, because the judge has absolute judicial immunity for his decisions related to the appointment of counsel. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DATED: July 10, 2014          /s/RUDY LOZANO, Judge
                                            **United State District Court**